UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JORGE JIMENEZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. EP-20-CV-00050-LS |
| ANDREW M. SAUL, | § | |
| COMMISSIONER OF THE | § | |
| SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jorge Jimenez appeals the denial of his claim for supplemental security income (SSI). The parties consent to my determination of the case under 28 U.S.C. § 636(c) and Appendix C of the Local Court Rules for the Western District of Texas. I **REVERSE** the Commissioner's decision.

**I.    Facts and Proceedings**

Jimenez applied for SSI on January 22, 2018 and claimed he became disabled on January 6, 2018.[1] An Administrative Law Judge ("ALJ") held a hearing on May 16, 2019 and heard testimony from Jimenez, who was represented by counsel, and a vocational expert ("VE").[2] During the hearing, the ALJ granted Jimenez's request to amend his alleged onset date to January 22, 2018.[3] In an opinion dated August 2, 2019, the ALJ determined that Jimenez was not disabled within the meaning of the Social Security Act.[4] The Appeals Council denied his request for review

---

[1] R:211.
[2] R:64-98.
[3] R:68.
[4] R:32-45.

on February 4, 2020, making the decision of the ALJ the final decision of the Commissioner.[5] Jimenez argues in this appeal that the ALJ erroneously mischaracterized a prior SSI decision and insufficiently weighed Jimenez's treating physicians' medical diagnoses.

## II.     Discussion

### A.     Legal Standards

Judicial review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole; and 2) whether the Commissioner applied the proper legal standards.[6] Substantial evidence "is more than a mere scintilla, and less than a preponderance."[7] The Commissioner's findings will be upheld if supported by substantial evidence,[8] and "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision."[9] In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[10]

Courts utilize four factors to determine whether there is substantial evidence of disability: (1) objective medical evidence; (2) diagnoses and opinions of treating and examining

---

[5] R:1-4.
[6] *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).
[7] *Hill v. Berryhill*, 718 F. App'x 250, 253-54 (5th Cir. 2018) (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).
[8] *Masterson*, 309 F.3d at 272 (citing *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995)).
[9] *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)).
[10] 20 C.F.R. § 416.920(a)(4); *Boyd*, 239 F.3d at 704-05.

physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[11] A court cannot, however, reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision.[12] The Commissioner, not the courts, resolves conflicts in the evidence.[13]

### B.     The ALJ's Findings

In this case, the ALJ found that Jimenez's severe impairments were "degenerative disk disease of the lumbar spine; degenerative joint disease of the right knee; obesity; and depression."[14] They were not, however, individually or in combination severe enough to meet or equal an impairment listed in the appendix to the regulations.[15] The ALJ found that Jimenez can still perform "light work" with certain limitations,[16] and that even with these limitations there are jobs in the national economy that Jimenez can still do.[17] Accordingly, the ALJ found Jimenez not disabled and not entitled to SSI.[18]

### C.     Jimenez's 2008 Disability Determination

The first paragraph of the ALJ's decision in this case is:

The claimant previously filed an application for supplemental security income in July 2006. The claim was denied by an Administrative Law Judge in June 2008. The claimant did not seek further review of that decision.[19]

---

[11] *Perez*, 415 F.3d at 462.
[12] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).
[13] *Id*.
[14] R:35.
[15] *Id*.
[16] R:37-43. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 416.967(b).
[17] R:43-44.
[18] R:44-45.
[19] R:32.

The parties in this case agree, and the record reflects, that this finding is wrong. Jimenez was indeed found disabled in 2008 because of the same back problems[20] on which he bases this claim. The Commissioner argues harmless error and asserts that the ALJ's mischaracterization of the 2008 decision is irrelevant because it addressed Jimenez's disability status during an earlier time period.

The ALJ in this case did not explain why he obtained, reviewed, and explained the 2008 decision, but he may have done so to comply with the Social Security Administration's (SSA) Hearings, Appeals, and Litigation Law Manual (HALLEX). HALLEX provides that in some cases "it will be necessary for the [ALJ] to review a prior claims(s) file in order to fully adjudicate a current claim."[21] This can occur when there "is a need to establish a longitudinal medical, educational, or vocational history," or the claimed "impairment is of a nature that evidence from a prior claim(s) file could make a difference in establishing whether disability is present in the current claim."[22] The 2008 decision, along with the basis for and evidence underlying it, would certainly be relevant if the ALJ reviewed and cited it for either one of these reasons.

The ALJ obtained, reviewed, and cited Jimenez's 2008 disability determination, but misconstrued its result and likely the rationale and evidence underlying it. For these reasons, I remand this case to the ALJ to gauge whether a correct reading of the 2008 decision would "make a difference in establishing whether disability is present in the current claim,"[23] especially if the 2008 decision was obtained for a longitudinal medical analysis or to gauge the need for an examination of its underlying evidence. Accordingly, at this time, I cannot find substantial

---

[20] R:53-59.
[21] SSA, *Hearings, Appeals, and Litigation Law Manual* (HALLEX) I-2-1-13.A (May 26, 2017).
[22] *Id*. at I-2-1-13.B.2.
[23] *Id*.

evidence supports the decision in this case, and I respectfully remand for a review consistent with this order. The decision of the Commissioner is **REVERSED**.

    **SIGNED and ENTERED** on March 29, 2021.

_____
**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**